[Yeates- J.
.Ithas been determined, .that an. acknowledgment by the sheriff in open court, and a minute-.of, this on thereoord, is equivalent to recording. This was -before .1 came on the bench]. - - ~ ; ■
Tilgi-iman C. J.
This-is, an-ejectment for. a, tract of land in Fayette county, formerly the property'.of Colonel William Crawford deceased, under whom- both plaintiff and defendant claim.-Theplaintiff derives . his., title- from the. devisee's of Colonel Crawford, and the defendant,;under a judgment and execution against his... executors., On the trial, exceptions were- taken to., the ..charge of the, court, and also to the admission in -evidence' of a deed from -the sheriff of Fayette county, to Edward Cook, conveying the: land- in dispute. - In order-to understand the objections to the: judge’s charge^ which have- been urged in this Court, it, will be-necessary to give a short statement of the evidenc.e. Alexander Bowling obtained judgment in the court of Common- Pleas-of Westmoreland county, against the executors of Williani-Grawfofd.- -On this, judgment .a. ft fa. was issued; *97 to January Term, 1787,. and a testatum fi.fa. was issued to' Fayette county to July, 1787, which was levied' on the land in dispute and returned, “ sold on this and two other executions “ for 320/.” By the docket entries it appears, that the land was sold to Edward. Cook, Esq.a on the 15th July, 1787, and in the bill of costs, there are charges of 2/. 4$. for holding an inquisition, and 12s. 6d. for advertising and crier’s fees. In the court of Common Pleas of Fayette county, Daniel Leet and Robert Ross, each obtained judgment against the executors of William Crawford. On both these judgments f.fas. were issued to June 1786, and levied on the land in dispute. Several writs of venditioni exponas were issued in Fayette county, and at length the land was sold to Edward Cook, on a pluries venditioni exponas returnable to June Term, 1787. The sheriff’s return was, “ sold on this and two other executions for 320/.” On the 12th October, 1787, the sheriff executed a deed to Edivard Cook, which was acknowledged in the court of Common Pleas of Westmoreland county. The exceptions taken by the counsel for the plaintiff in error are as follows:
1. That there was no inquisition and condemnation of the land previous to the issuing of the venditioni exponas. This exception cannot be taken now. On-the triál it was very properly left to the jury. The evidence was sufficient for them to presume, that an inquisition had been taken, which was lost, and they did presume it.
2. That the writ of venditioni exponas issued in Fayette county, was not signed by the prothonotary. This objection is of no validity. The writ issued under the seal of the court, and the not signing by the prothonotary was a clerical omission, which the court could have ordered to be supplied at any time.
3. That the f. fa. issued in Westmoreland county was returned N. E. L, which is nonsense; and therefore did not warrant the test. f. fa. afterwards issued to Fayette county. Neither is this objection of any weight. The original fi.fa. is so much in nature of a fiction, where the object is to levy on lands in another county, that if a testatum is issued without a previous fi.fa. the court will give leave to file one afterwards, in order to support the testatum.
4. That the fi. fa. commanded the sheriff to levy on the property, not of the testator Colonel Crawford, b.ut of his *98 executors. The judgment was de bonis testator is, and the command of the execution was “ to levy on the property of 44 ¡¡annah Crawford and John Stevenson, executors of William « Crawford,.” Without straining the expressions, they may be understood to mean the property of the testator, and even if they would not bear that construction, the court would at any time grant leave to amend the execution so as to make it conformable to the judgment.
5. That no writ of venditioni exponas was issued from the court of Westmoreland county. It was not necessary that a venditioni exponas should issue from that county. An inquisition having been held, and the land condemned, the judgment creditors in Fayette county who had levied on the same land, might take out writs of venditioni exponas. There is no occasion to go to the expense of several inquisitions. The land being once condemned, the object of the law is obtained. It is proved, that the rents and profits will not pay all the judgments in seven years, and nothing more is necessary.
6. That the venditioni exponas was returnable at June Term, 1787, and the land was not sold till the 15th July. It has been a practice of long standing for the sheriff to advertise a sale before the return day, and then adjourn and finish the sale after the return day. In Burd v. JDansdale the court intimated their opinion against shaking the titles which depend on this practice. Objections of this kind from a stranger, who had no concern in the execution, deserve no favour. Those who were concerned were satisfied. The sale there-, fore, ought not to be invalidated. These are all the exceptions brought forward in this Court against the charge of the president of the Court of Common Pleas, and on every one of them I think the charge was perfectly right. The exception to the admission of the sheriff’s deed remains to be considered. The sale was by virtue of a venditioni exponas from the Court of Common Pleas of Fayette county, and the counsel for the plaintiff in error contends, that the acknowledgment of the deed should have been in the same court from which the process issued. The sale of land by execution is regulated by act of assembly. Certainty of title is of great importance, and this is best attained by adhering to regulations prescribed by law. An “ act for taking lands in “ execution for payment of debts,” was passed in the year 1705. The 2d section provides that when the yearly rents or *99 profits will pay the debt in seven years, the land shall not be sold, but delivered to the plaintiff in the same manner that lands are delivered by writs of elegit in England. The 3d section directs, that if it be found by inquisition, that the yearly rents, &c. will not be sufficient to satisfy the debts in seven years, the sheriff shall certify the same upon the return of the execution; whereupon 'a writ of venditioni exponas shall issue to sell the land in the manner therein-after directed. In the 4th section, directions are given for advertising and selling, “ and upon such sale the sheriff shall make re- “ turn thereof, indorsed or annexed to the writ, and give the “ buyer a deed duly executed and acknowledged in court for “ what is sold, as has been heretofore used upon the sheriff’s “ sale of lands.” The construction and practice upon this act, have been, that lands held in fee simple cannot be sold without a writ of venditioni exponas, except in certain cases not necessary now to enumerate. It cannot admit of a doubt, that the court in which the deed is to be acknowledged, is the court from which the venditioni issues, and to which it is to be returned; this is the plain meaning of the words, and if we consider the spirit, it is certainly most proper and convenient, that every act necessary to complete the title should be done in the same court, otherwise one court might receive the acknowledgement, and the other set aside the sale on the return of the venditioni. At the time when this act was passed, the extent of the inhabited part of the state was so small, tl\at wherever the land might lie, the sheriff would not have far to travel in order to acknowledge his deed in the court from which the process issued. The case is altered now, and therefore by an act passed 18th April, 1791, sheriff’s deeds for lands sold on testatum writs, may be acknowledged in the court of the county where the sale was made. That act was made after the sale in this case, but even if it had been made before, it would not help the plaintiff’s case, for his deed was not acknowledged either in the court of the .county in which the sale was made, or of that from which the process issued. But the counsel for the defendant in error have warmly contended, that at all events the deed was evidence, because it was acknowledged before the president of the Court of Common Pleas of Westmoreland county. But how does this appear ? It is answered, that one of the subscribing witnesses was Mr- Moore, the president of that *100 court; and the deed being acknowledged in open court, it ought to be- presumed that he was present. I do not think myself authorised to make such presumption, because I do not know that hewas president, nor do I see it in this record ; but I: .know-that if . the acknowledgment had been before him-, as- president, he ought to have certified it as the act of assemblynequires, by endorsement on the deed. I can perceive that the justice of this case is with the defendant, and that' he will - Ultimately prevail. It is hard upon him to be put to expense and-inconvenience hy objections foreign-to •the merits; but it Is-dangerous to strain the principles which regulate the conveyance of real property, in- order to prevent -hardship in particular cases. Those.principles produce certainty, which contributes much to the quiet of the country. Notwithstanding the ingenious .arguments which have been so ably urged,-L have not been persuaded that the sherifFs ■Meed was legal evidence. I am-therefore of opinion, that the .judgment should be reversedj and a venire facias de. nova •awarded.' ■
Ye ates J,
I do not hold it necessary, that an inquisition . should have: been taken-in this-case, on the testatum feri •facias, which issued :from the Court óf. Common Pleas of Westmoreland county; If it had been found, on legal process issued: .in Fayette county, that the rents' and profits of-the lands' levied on;::would-not have been sufficient to have paid the debts and costs in seven years, it would justify a sale ..'under a venditioni,exponas in-the hands of the sheriff, return- . able in either, of the two , counties. ' To have , held other inquisitions would have' been highly oppressive. Upon the trial, the court held an inquisition to be indispensable, and •submitted' that-fact to the jury under all the circumstances ; —the verdict' affirms that fact.
The judicial writs in Westmoreland county are admitted -to -be de bonis iestatoris. . They do not pursue the technical .form's, but command the debts to be levied on the goods and chattels of the two executors in their representative character, and the testatum f. j'a.-was so understood, and levied on the lands of the testator. The judgment entered was de bonis, ..which-necessarily implies iestatoris; because if it was intended to charge the executors with a devastavit, it would have ..been sq expressed. . Itpursues the usual form of entry.
*101 I take the law to be settled, that the court’s approbation of the sale of lands levied on, is essential to the validity of the sheriff’s deed. .This is. inferred from the accustomed mode qf receiving the sheriff’s acknowledgment in open court. , It would beamjust in the.extreme, that the defendant in an execution should not be. alio wed an opportunity to contest the .fairness and regularity of the sale of his lands. The proper .time' to .do this, is at the Term to which the process is returnable, which.directed the sale ; and it necessarily follows, that,'it must'he in the. county from whence such process issued.- Theicourt alone, which directed the sale, can judge of the:legality:of acts:done under-its authority. At common -law, lands .could' not'be sold by. the. sheriff for payment of debts';' he could only extend- one moiety of them by elegit. An old. act of .1703,-.directs that a venditioni exponas shall issue upon the sheriff’s return of lands levied, and the legislature have enacted two laws on the 23d March, 1764, anjd 26th March, 1785, confirming and ratifying sheriff’s ■ sales made without writs of venditioni, in cases which, had happened before the passing of those laws. If a venditioni had issued in the present instance in Westmoreland, county, there is no doubt but the acknowledgment there would be valid; and if the sheriff, duly proceeded and sold under a venditioni issued ..in Fayette county ¿ although the venditioni was not signed by the prothonolary, and the return day.had passed, pn an adjournment of the sale, the acknowledgment in that county would have validated the deed. - '
"Under-the circumstances of this case, the sheriff’s deed could not he received-in evidence, without other proof. The acknowledgment of the-deed in Westmoreland county, found- . ed.ori'a.sale upon a venditioni issued in Fayette county, was irregular and: unknown, to the law. But it has b'een-said,- that although it might not operate, as á-sheriff’s deed-, within the .meaning; of the "old act- of 1705, it. might be admitted to ; show, , that:-the consideration money-was- confessed by Mr. I Hammond, to have been paid- to; him by-the purchaser, inás.vmuch ~as. John Moore Esq. the.president,of the-court, wit-messed:the.deed, and the prothonotafy has -certified..the act .: done in open/court.-.But the hand; writing.of' Mrs Moore-has -mot been-proved,- nor does- it 'necessarily follow, that he .was .. their present in court.: To' make-it a-good acknowledgment underthe recording; act of'28th:tMzy,ll 7l!S, or its supplement *102 of 18th March, 1775, it must be certified by the justice who took it. I agree, that a deed may be received in evidence in some cases, wherein it may not be entitled to be recorded, as where possession for thirty years has gone with the deed, or where it has been recited in another deed; but no such proof was given here, and we are to consider it as if no acknowledgement was indorsed on it, as the same was in-ojfcial.
It has been further urged, that the present objection was not taken on the trial, and that it is a surprise on the defendant. The answer is, we are bound by the facts stated in the bill of exceptions, and if in the plight in which it was offered to the court, it was not legal evidence, we must say so. It is unnecessary for the court to declare, what would have been the legal or equitable operation of this deed, if the defendant had procured the same to be duly proved; the only question now before us, is, Whether the deed could legally have been admitted in evidence ? I am constrained to declare my opinion, for the reasons I have given, that the judgment of the court of Common of Pleas of Fayette county be reversed, and a new trial awarded.
Bb.ackenr.idge J. concurred.
Judgment reversed, and a ,venire facias de novo awarded.