The opinion of the court was delivered by
Tilghman, C. J.
Several exceptions were taken to the opinion of the court below, in the course of the trial, all of which may be reduced to three heads.
1. Was parol evidence admissible to prove a long practice in Franklin county, for the sheriff to advertise property to be sold, by virtue of writs of venditioni exponas, about the middle of the week in which the court was to sit, and several days after the return day — and could such proceedings be supported, supposing the practice to be proved ? Great regard has been paid to practice originating in a mistake of the law, where it has been so long continued, that much property depends upon it; especially where such practice has nothing in it contrary to justice or equity. On this principle conveyances by married women, without fine or recovery, were supported before any acts of assembly were made on that subject. So powers of attorney executed beyond sea, for the sale of lands in Pennsylvania, have been held good, on proof of their having been acknowledged before the mayor of a city, although our act of assembly (act of 1705,) requires proof by the oaths or affirmations of two or more of the witnesses. 1 Peters 433, Milligan v. Dickson. So where a judge took the probate of a deed, by the oath of one of the witnesses, and certified the same under his hand without Seal, it was decided to be good, although the act of assembly directs the certificate to be under hand and seal. 4 Serg. & Rawle, 290, Whitmire v. Napier. And with respect to this very custom, of sales by sheriffs after the return day of the venditioni exponas, we shall find that the courts have sanctioned what appeared to be rather an irregular proceeding, in order to protect a great deed of property which depended on it. In Burd’s Lessee v. Dansdale, 2 Binn. 91, it was said by this court, “that it had been so common a practice for sheriffs to advertise the sale on a day previous to the return day of the writ, and make the sale by an adjournment, on a day subsequent to the return, that they should hardly think themselves justified in determining such sales to be void.” And when the same point came before them after-wards, in the case of M‘Cormick v. Meason, 1 Serg. & Rawle, 98, the sale was decided to be good. The only difference between those cases,1 and the one before us, is, that in the present case, the sheriff advertised the sale on a day subsequent to the return day. In substance, the cases are the same, because in both the sale was actually made after the return day. There was strong proof of a long continued practice in Franklin eohnty, to make sales in this manner. It is perfectly fair — sufficient notice by public advertisement having been given, it may be supposed that the property will *266 go off at its value; nay it was for the purpose of getting the best price, that this practice was first adopted, because it was known, that about the' middle of the court week, there was the greatest concourse of people, and consequently the best chance for bidders. Then as to the defendant in the execution, he had the advantage of keeping possession of his property as long as possible, and, therefore, could have no cause to complain. No objection was made to the sheriff’s acknowledgment of his deed to Joseph Ball. That was the time for objection, if the sale was conceived to be irregular. But now, after the lapse of near 20 years, we first have a complaint of irregularity. Under such circumstances, the sale should be supported if possible/ And we shall be justified in supporting it, by the spirit of the decisions I have mentioned, in the cases where a sale was made after the return day of the venditioni ex-ponas. I am of opinion, therefore, that the evidence of the practice in the court of Franklin county was properly admitted, and the sheriff’s sale and conveyance to Joseph Ball, were valid.
2. The second question is, whether the defendant could be permitted to contradict the sheriff’s return to the scire facias, (Joseph Bally, the widow and children of John Nicholson, and the terretenants,) by evidence that the writ was not made known to them. The court decided against the evidence. The general rule is, that the return cannot be contradicted, but if it be false, an action lies against the sheriff who made it. There does not appear to be any thing in this case which should take it out of the general rule. In Phillips v. Hyde, 1 Dall. 439, it was decided in an action on a replevin bond, after judgment de retorno habendo, that the sheriff’s return of elongata, could not be traversed. In Bohun’s Inst. Legal. 256, it is said, that the sheriff’s return of devastavit, to a fi. fa. against an executor, cannot be contradicted, because an action lies against the sheriff if his return be false; but if a devastvait be found by an inquest, it may be traversed, because there no action lies. In 4 Burr, 2129, it was agreed by the court, that if the sheriff return a rescue on an arrest on mesne process, the return is not traversable. And in Wilson v. Hurst’s Executors, Peters Rep. 441, in a scire facias on a judgment against Charles Hurst’s Executors, the defendants offered evidence, that Hurst had been arrested on a ea. sa. and discharged by the plaintiff, but the court decided against the evidence, because the sheriff had returned ’■’•non est inventus,” to the ca. sa. which could not be contradicted. I do not see any distinction, by which the case before us carl evade the authorities which have been cited, and am, therefore, of' opinion, that evidence in contradiction of the sheriff’s return was inadmissible.
3. The third exception was to the courts opinion, on the rejection of a number of papers offered in evidence by the defendant, in order to prove that Joseph Ball had received payment of his mortgage before he obtained judgment on it. Now consider the *267 situation in which the defendants stand. Their title is derived from Samuel Nicholson, one of the defendants in the scire facias, after the judgment; of course, they can make no plea which Samuel Nicholson had an opportunity of making, and did not make. Payment, would have been a good plea for Samuel Nicholson. But he suffered judgment to go by default. In the opinion of this court, delivered by Judge Gibson, in Cardesa v. Humes, 5 Serg.& Rawle, 68,it is said, that in no case, nor under any circumstances,can the merits of the original judgment be inquired into, for the purpose of making a defence on a scire facias. The present action to be sure, is not a scire facias, but an ejectment. But that is immaterial, as the ejectment is founded on a title derived from the original judgment, and is broughtagainstpersons who claim under one of the defendants in that judgment. It is precisely similar to the case of Nace, &c. v. Hollenback, 1 Serg. & Rawle, 340, where the assignee of a mortgage, having obtained judgment against the mortgagor and terretenants in a scire facias on the mortgage, and afterwards purchased the mortgaged premises from the sheriff, who sold them by virtue of a levari facias, brought an ejectment against one of the terretenants, who offered evidence to prove, that the mortgage had been satisfied before the judgment. But the court rejected the evidence, and the same principles governed the court, in the case of Jones v. Keller, 4 Binn. 61, 72. There was no error, therefore, in rejecting the evidence in the case before us.
4. The last point made by the plaintiffs in error is, that the sheriff had no right to sell to the mortgagee, unless more was bid by him than would pay the debt and costs, but in ease the bid was to a less amount, the property was to be delivered to him, to hold until the debt and costs were paid. Although this point was made, it was but feebly urged, in the argument in this court. And certainly, it is not tenable, because, although the act of assembly is not clearly expressed, yet it has long ago received a construction, which avoids the great inconvenience, and indeed, I may say, injustice, of the principle set up by the plaintiff in error. The construction is, that the mortgagee may be the purchaser, as well as a stranger, provided he be the highest bidder; and where he is the highest bidder, the uniform, unquestioned practice has been, for the sheriff to make a deed to him, which has always been sanctioned by an acknowledgment in open court. Upon the whole then, I am of opinion, that there is no error in this record, and therefore, the judgment should be affirmed.
Duncan, J., gave no opinion, not having heard the argument.
Judgment affirmed.