[PHILADELPHIA, APRIL 4th, 1837.]

## CHAMBERS *against* CARSON.

Where lands situate in *Dauphin* county had been sold by virtue of an execution upon a judgment obtained in 1797, in the Supreme Court in Philadelphia, on a *scire facias* upon a mortgage, it was *held*, that the acknowledgment of the sheriff's deed could not, under the act of 1836, be made before the Supreme Court in the *Eastern* District, but must, if made in that court, be made at its session in the *Middle* District.

A SALE of the mortgaged premises having been made under the execution in this case, (see *ante*, p. 9, and p. 365,) the sheriff of Dauphin county came into court this day, to make acknowledgment of the deed, which was opposed by Mr. *M'Clure* and Mr. *Kittera*, on the ground that the acknowledgment could be received in the Middle District alone, where only a motion to set aside the sale which they intended to make, could be entertained. They cited the act of 16th June, 1836, § 16.

Mr. *Bayard* and Mr. *Sergeant*, contra, cited the act of 1705, relating to mortgages; and the act of 1799, § 10, relating to *testatum* executions; and *M'Cormick* v. *Meason*, (1 *Serg. & Rawle*, 92.)

(Chambers *v.* Carson.)

The opinion of the Court was delivered by

SERGEANT, J.—By the 4th section of the act of 1705, the sheriff, on a sale of land, was to give the buyer a deed duly executed and acknowledged in court, for what was sold, as theretofore had been used upon the sheriff's sale of lands. The construction of this section was, that the acknowledgment ought to be in the court from which the *venditioni exponas* issued, and to which it was to be returned. The inconvenience was not then great, because the extent of the inhabited part of the state was small, and the sheriff would not have far to travel. *M'Cormick* v. *Meason*, (1 *Serg. & Rawle,* 92.) As the settlement and population of the state extended, the inconvenience began to be more felt: and by the act of 18th April, 1791, it was enacted, that when lands were sold by the sheriffs of the several counties, by writs of *fieri facias, levari facias,* or *venditioni exponas,* issuing out of the Supreme Court, they might acknowledge their deeds before the justices of the Supreme Court, or one of them at their court of Nisi Prius, held in and for the county in which the lands lay—and when sold under writs of *testatum,* the sheriff might acknowledge the deed in the Court of Common Pleas of the county wherein the sale was made. The act of 20th March, 1799, erecting the Circuit Courts, pursued the same system, and authorized the acknowledgment on sales by *testatum,* or other writs grounded thereon, issued either by the Supreme or Circuit Courts, to be made before the justices of the Circuit Courts in the counties where the lands lay or were situate, or in the courts where the executions issued.

The 96th section of the act of 16th June, 1836, seems to be intended as a substitute for these laws, and to make provision for every case of acknowledgment of a sheriff's deed. It takes away the option which the sheriff had in the cases before mentioned, to acknowledge his deed before the court from which the process issued, or a court in the county where the lands were situate, and requires that in certain cases the former mode shall be pursued, and in other cases the latter mode. Being inconsistent with the existing acts, it must be considered, though merely affirmative, as a repeal of them. It enacts, that the acknowledgment of deeds of real estate sold upon execution, *shall be made* as follows: 1. In the cases of executions from the Supreme Court, the acknowledgment *shall be made* by the officer who executed the deed before the said court in bank, sitting within the respective district, or before one of the judges of the said court, sitting at Nisi Prius within the county, in which such real estate may be—or before the Court of Common Pleas of the county, or the District Court of the city and county in which such real estate may be. The part of the sentence ending at the words, "respective district," is incomplete, and needs something to explain to what these words refer. This is to be found in what

(Chambers *v.* Carson.)

completes the whole sentence, namely, "in which such real estate may be." This seems to be the natural and obvious mode of interpreting it, and such construction of the sentence with that meaning in view, is not an uncommon one in the other clauses of this act, and indeed in every species of composition. It is besides consonant with the spirit of the act, which seems to be to make as nearly as could be done consistently with retaining the jurisdiction of the Supreme Court, the neighbourhood in which the land lies and the sale occurs, the place where the deed shall be acknowledged. This is not only a convenience to the sheriff, an officer who ought not needlessly to be drawn to a great distance, but also to the parties; for the 100th section gives to the court where the acknowledgment is to take place, the power to inquire into the sale, and set it aside, and order distribution of the proceeds when paid into court. These proceedings may require the examination of witnesses and many details of evidence, which can be despatched on or near the spot with greater advantage and convenience than at a distance, and with much less expense.

The second clause adopts the same principle in case of *testatum* writs of execution, by directing that the acknowledgment may be made before the Court of Common Pleas of the County, or District Court of the city and county in which such real estate may be. And in the third clause it is enacted, that in *all other cases,* (which negatives this mode in the former cases,) the acknowledgment shall be made in the court from which the execution issued. Here the county in which the process issued, and the place of situation of the lands sold are the same, and no inconvenience can occur. For these reasons we are of opinion, that the acknowledgment of the deed for lands sold in the county of Dauphin, by the sheriff of that county, cannot be received here, but if taken by the Supreme Court, must be at its session at Harrisburg, for the Middle District.

Acknowledgment refused.