## WUNDERLICH v. ROBERTS.

EXECUTION.—*Levy.—Priority.—Property Levied on and Left with Owner.—Replevin.*—Certain personal property, which had been levied upon by a sheriff on an execution against the owner, was left in the possession of the latter, with privilege to sell the same, whereupon a constable levied upon a part of the same on an execution against the owner.

*Held*, on replevin by the sheriff, against the constable, that the levy of the former was void, while that of the latter was valid.

From the Vanderburgh Circuit Court.

*C. Buchanan*, *H. C. Gooding* and *J. S. Buchanan*, for appellant.

*A. Iglehart* and *J. E. Iglehart*, for appellee.

WORDEN, J.—This was an action of replevin, brought by the appellant, against the appellee, for certain articles of personal property.

The property was delivered to the plaintiff by virtue of the writ in the cause. The cause was tried by the court, who found for the defendant, and there was judgment for return of the property, over a motion for a new trial.

The plaintiff claimed the property in his capacity of sheriff of Vanderburgh county, and the defendant in his capacity as a constable of that county.

The plaintiff, it appears, had several executions in his hands against John W. Henson, by virtue of which he claims to have, by his deputy, levied upon the property in question. One execution came to his hands November 18th, 1876, upon which he endorsed the levy as follows :

"By virtue of this execution and 3 others, I have this 9th day of December, 1876, levied upon the following described property, as the property of John W. Henson, to wit : " (Here the property is described.)

The deputy-sheriff testified that he left the property with Henson to save storage, and that Henson afterward sold a part of it, and, of the purchase-money received, paid him the sum of one hundred dollars, which he, the deputy, applied on another execution in his hands which had not been levied. The property thus sold by Henson is not in controversy in this action.

Afterward, on February 1st, 1877, the defendant, having in his hands, as a constable, an execution against Henson,

levied the same upon the property thus left and remaining in the hands of Henson; and the sheriff, the plaintiff herein, replevied it from the constable.

Henson, the execution debtor, testified as follows:

" The sheriff levied upon the goods in controversy, and, together with other goods, he left them in my possession, and gave me authority to sell them and account to him. I did keep possession of the goods, and did sell some of them. I sold an old hearse for $200, and paid over $100 to the deputy-sheriff. I paid perhaps $50 on other debts, and used the balance. I sold about $200 worth, which I never paid over to the sheriff. I paid some other debts, and had to live from my sales. All my goods that were there, when the sheriff levied, were levied upon. I never accounted to the sheriff, nor was any account ever demanded of my sales."

This evidence the court had a right to believe; and, taking it to be true, the levy made by the sheriff was clearly void, as against the subsequent levy made by the constable.

The sheriff, by his deputy, seemed to regard his levy as merely colorable. It will be seen by his return to the execution, that he levied upon the property by virtue of that and three other executions; and yet he applied the one hundred dollars raised by Henson, by a sale of some of the property levied upon, to another execution in his hands, on which he had made no levy.

But, aside from this, the leaving of the property, by the sheriff, in the hands of the execution defendant, with the power of selling the same, rendered the levy invalid. In Freeman on Executions, section 261, it is said, that " wherever it appears that the property was left with the defendant not merely as its custodian, but with intent that he should continue to exercise the full powers of ownership, including the power of sale, the most indulgent of courts

will not hesitate to treat the levy as colorable and fraudulent."

The levy made by the sheriff being invalid, that made by the constable must be deemed to have priority over the lien created by the executions in the hands of the sheriff. 2 R. S. 1876, p. 200, sec. 413.

The judgment below is affirmed, with costs.