[No. 407. Decided March 18, 1892.]

M. WUNSCH, A. HEILBRONNER AND H. BRUNN, *Appellants,* v. JOHN H. McGRAW, *Respondent.*

EXECUTION—LEVY—PRIORITY.

Where a creditor places an execution in the sheriff's hands with instructions not to levy, but to leave the debtor in possession and control of his goods, a levy under the subsequent judgment of another. creditor is entitled to priority.

*Appeal from Superior Court, King County.*

Action by M. Wunsch, A. Heilbronner and H. Brunn, co-partners as M. Wunsch & Co., against John H. McGraw, sheriff, to determine the priority of certain executions. Judgment for defendant, and plaintiffs appeal.

*Allen & Powell,* for plaintiffs.

*Arthur, Lindsay & King,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—One White was, prior to the 26th day of November, 1890, a retail jeweler in the city of Seattle, and indebted to J. F. Martin, Thomas J. Carroll, John A. Black, G. O. Haller, Nordman Bros. and M. Wunsch & Co. On that date all of said parties excepting the last named firm obtained judgments and had executions issued against White. The executions of Martin, Carroll and Black were

placed in the hands of the respondent McGraw, who was then sheriff; at the time of the delivery of these writs to the sheriff he was directed by the parties for whom they were issued not to disturb White in his business, but to leave him in possession and control of his stock of goods and permit him to make sales in the ordinary course of his retail trade.   The sheriff followed these instructions, and made one Eversole, who was carrying on a business in the same store-room with White, nominal keeper, with instructions not to interfere with White's business, but to permit him to conduct it as before.   On the same day Haller and Nordman Bros. placed writs of execution in the sheriff's hands without any instructions as to the manner in which they should be levied; the sheriff made no additional levy under them at that time.   In the afternoon of November 28th Haller complained to the sheriff that no levy had been made of his writ, and stated that he desired a good levy. Thereupon the sheriff directed his deputy to take the goods into his custody.   On said November 28th Wunsch & Co. obtained judgment against White and had an execution issued thereon, which was delivered to respondent with instructions to levy the same upon White's stock of goods. This writ was placed in the sheriff's hands shortly after he had directed the deputy to close the store pursuant to Haller's instructions, and while he was about that business. The goods were sold and Wunsch & Co. demanded of the respondent, while all the proceeds were in his hands, that they all be applied on their writ.   The demand was refused, and this action was brought to determine the priorities of the executions.   The court held that there had been no valid levy of the writs of Martin, Carroll and Black prior to the time when the sheriff took the goods into actual custody, but that, having taken the goods into custody under the Haller writ, the writs of Martin, Carroll and Black, being then in the sheriff's hands, came next in

order, and the court directed the proceeds of the sales of the goods to be applied accordingly. Not enough money was realized to pay all of said demands, and Wunsch & Co. appealed. Ordinarily such writs are entitled to priority in the order in which they are placed in the sheriff's hands. The instructions given to the sheriff by Martin, Carroll and Black, however, as to their writs, were equivalent to instructions not to levy, and the sheriff made no levy under either of them. I do not see how it can be contended that they derived any benefit from the levy under the Haller writ. No instructions of any kind subsequent to the time of their delivery were given to the sheriff regarding them. Had the Haller and Nordman writs been stayed or satisfied by the execution defendant prior to the receipt of Wunsch & Co.'s writ, the sheriff would have had no authority to seize or retain the goods under either of the writs of Martin, Carroll and Black. It seems to me this determines the priority of the writ of Wunsch & Co. over them. The sheriff had been expressly directed by Martin, Carroll and Black not to disturb White in carrying on his business, and he did not do so in any way. White made sales as before, and there is no testimony to show that he in any way accounted to the sheriff for the proceeds of such sales, or that it was understood he was to do so. We do not decide that it would have changed the result had there been such an accounting or understanding. The appointment of Eversole as keeper, at the same time instructing him that he was not to do anything, amounted to nothing.

A mere colorable levy of this kind has universally been held to be fraudulent and void, and as the sheriff at no time had any authority to levy or proceed under these writs under the instructions given to him by the plaintiffs therein, it follows that their delivery to him was without force for any purpose. *Howes v. Cameron,* 23 Fed. Rep. 324; Freeman on Executions (2d ed.), § 206, 261; *Eberle*

*v. Mayer*, 1 Rawle, 366; *Mentz v. Hamman*, 5 Whart. 150; 34 Am. Dec. 546; *Commonwealth v. Strembach*, 3 Rawle, 341, 24 Am. Dec. 351; *Gilmore v. Davis*, 84 Ill. 489; *Keyser's Appeal*, 13 Pa. St. 409, 53 Am. Dec. 487; *Pary's Appeal*, 41 Pa. St. 273, 80 Am. Dec. 615; *Bingham v. Young*, 10 Pa. St. 395; *Wunderlich v. Roberts*, 67 Ind. 421; *Berry v. Smith*, 3 Wash. C. C. 60; *Davidson v. Waldron*, 31 Ill. 120, 83 Am. Dec. 206; *Kimball v. Munger*, 2 Hill 364. After the writs of Haller and Nordman Bros. are satisfied appellants' writ is entitled to precedence.

The judgment is reversed, and cause remanded with directions to proceed accordingly.

STILES and DUNBAR, J. J., concur.

HOYT, J., dissents.

ANDERS, C. J., not sitting.