[No. 2307. Decided November 28, 1896.]

The R. Wallace and Sons Manufacturing Company, *Respondent*, v. I. J. Sharick, *Defendant*, Empire Jewelry Company, *Appellant*.

ATTACHMENT AND EXECUTION — LEVY — PRIORITIES.

The prior levy by a deputy sheriff of a writ of attachment placed in his hands subsequent to the placing of an execution in the hands of the sheriff, will give the attachment lien priority over the execution.

Appeal from Superior Court, Pierce County.—Hon. J. C. Stallcup, Judge. Affirmed.

*White, Munday & Fulton*, and *Sapp & Lysons*, for appellant.

*Murray & Christian*, for respondent.

The opinion of the court was delivered by

Dunbar, J.—A writ of execution had issued on a judgment in favor of the appellant against I. J. Sharick, the defendant in this action, and had been placed in the hands of the sheriff. No levy had been made under this writ. Subsequent to the issuance of the execution the respondents sued out a writ of attachment, which was placed in the hands of the deputy sheriff for levy. The goods in dispute were discovered by the respondent, and pointed out to the deputy sheriff with instructions to levy upon the same, and were levied upon by virtue of the writ of attachment. While the property was thus held, before any sale had been made, a receiver was appointed for said property, under stipulation of all the parties that the said property should be surrendered by the sheriff to the receiver, with the express reservation and understanding that no writ or lien of any party thereto should thereby

be impaired or prejudiced in any manner, but that the lien secured upon said property should continue on said property or attach to the proceeds of said property in like manner as if it had remained in the possession of, and had been converted into cash by, the sheriff.

Thereafter, under direction of the court the property was sold by the receiver and converted into cash. The appellant petitioned the court to give priority to its writ in the distribution of the proceeds. This petition was denied, and a final order of distribution made, giving priority to the writs of attachment which had come into the sheriff's hands subsequent to the issuance of the execution, one of said writs being the writ of the respondent in this case.

The only error assigned is the refusal of the court to give priority in the distribution of the proceeds to appellant's writ of execution; so that the question presented is, Did the writ of execution have priority over the writs of attachment under which the property was levied upon?

We think the court did not err in overruling the appellant's petition. This case falls squarely within the rule announced in *Meacham Arms Co. v. Strong*, 3 Wash. T. 65 (13 Pac. 245), and is in no way affected by the decision in *Wunsch v. McGraw*, 4 Wash. 72 (29 Pac. 832). It is admitted by the appellant that in a case of this kind its remedy would be against the sheriff, if the writs had taken their usual and ordinary course, but that its remedy against the sheriff would not be by wrongful levy of the writs, but by reason of the improper distribution of the proceeds of the property, (citing Freeman on Executions, § 196), and that inasmuch as the distribution of the proceeds in this case was a matter to be decided by the court

and not by the sheriff, its remedy against the officer would fail.

We think the appellant has mistaken the force of the case cited by Freeman, *supra*, and that the rule would apply only to cases where liens had been established by prior levies. But, however that may be, the duty of the sheriff is prescribed by statute in this state, and § 298, Code Proc., provides that where there are several attachments against the same defendant they shall be executed in the order in which they were received by the sheriff, so that the breach of duty by the sheriff occurred, if it occurred at all, prior to the possession of the property by the court through the receiver, and he would be liable, if liable at all, for not levying the writs in the order in which they were received.

It might well be that a writ of execution might be placed in the hands of the sheriff with instructions not to serve it, as it has been in many cases, or it might be that the sheriff might demand an indemnifying bond before he would feel justified in levying upon property, and, in such event, the refusal of a judgment creditor to furnish such indemnity could not prevent the attaching of the lien of some subsequent judgment creditor.

Under the pleadings in this case, and taking the averments of the answer to the petition to be true, as we must from the fact that there is no statement of facts accompanying this case, and the court must be presumed to have acted in accordance with the testimony, we are unable to conclude that the court erred in denying appellant's petition.

Affirmed.

Hoyt, C. J., and Scott, Anders and Gordon, JJ., concur.