[No. 16761.  *En Banc.*  August 19, 1922.]

## Juliet Tisdale, *Appellant*, v. Bert Tisdale, *Respondent*.[1]

Marriage (6)—Validity—Annulment—Infants—Age of Consent—Statutes.  An unconsummated marriage cannot be annulled at the suit of the female, seventeen years of age, on the grounds of incapacity, in view of the fact that the common law rule as to the age of consent is not changed by Rem. Comp. Stat., §§ 8437, 8449, 8451, which provide that marriage is a civil contract which may be entered into by males of the age of 21 years and females of the age of 18 years,. and that when a party shall be incapable of consenting thereto for want of legal age it is voidable at the suit of the party under disability; since there is no prohibition against the marriage of persons under the statutory age.

Same (6).  The fact that a legal marriage was not consummated cannot be considered in an action for its annulment.

Courts (36)—Rule of Property—Stare Decisis.  A decision that the common law age of consent to marriage is not changed by statute, becomes the fixed law of the state, where several sessions of the legislature have intervened without any effort to change the rule.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered May 10, 1921, upon findings in favor of the defendant, dismissing an action to annul a marriage, tried to the court.  Affirmed.

*W. P. Bell,* for appellant.

*Thos. A. Stiger,* for respondent.

Bridges, J.—By this action the plaintiff sought to annul the marriage between herself and the defendant.  There is no dispute as to the facts, which were as follows:  The marriage took place in the city of Seattle, on January 24, 1921.  In some manner not explained, a marriage license was obtained.  At the time

[1]Reported in 209 Pac. 8.

of the marriage, the plaintiff was seventeen years of age, and the defendant more than twenty-one. Neither of the parents of the plaintiff gave their consent in writing, or otherwise, to the marriage; on the contrary, such marriage was had against their wishes and consent. After the marriage, and up to the time of the trial of the case, the parties had not lived together as husband and wife, or at all, and there had been no sexual intercourse. From these facts the trial court concluded that the marriage could not be set aside or annulled except for reasons which in law would permit the annulment of the marriage if the plaintiff had been of the age of eighteen years at the time of the marriage. Conformably to these conclusions, the court made a judgment dismissing the action. The plaintiff has appealed.

The statutes of this state affecting marriage are §§ 8437, 8449, and 8451, Rem. Comp. Stat. (P. C. §§ 3707, 3708, 3725). Section 8437 is as follows:

"Marriage is a civil contract which may be entered into by males of the age of twenty-one years and females of the age of eighteen years, who are otherwise capable."

Section 8449 is as follows:

"When either party to a marriage shall be incapable of consenting thereto, for want of legal age or a sufficient understanding, or when the consent of either party shall be obtained by force or fraud, such marriage is voidable, but only at the suit of the party laboring under the disability, or upon whom the force or fraud is imposed."

Section 8451 provides for the marriage license and the conditions under which it shall be obtained.

This same general question has been before this court in *In re Hollopeter*, 52 Wash. 41, 100 Pac. 159, 132 Am. St. 952, 17 Ann. Cas. 91, 21 L. R. A. (N. S.)

847, and in *Cushman v. Cushman*, 80 Wash. 615, 142 Pac. 26, L. R. A. 1916C 732.

In the *Hollopeter* case, the wife, at the time of the marriage, was fourteen years of age and the husband nineteen. The marriage was had without the consent of the parents of the husband, who was the plaintiff or petitioner in the case. In the *Cushman* case, the wife, at the time of the marriage, was seventeen years of age and her husband eighteen, and the marriage was performed without the consent of the parents of the plaintiff, who was the husband. In each of these cases the marriage was held valid. These cases are controlling of this one unless they can be distinguished or are overruled. This is particularly true of the *Cushman* case. The appellant seeks to distinguish them from the one at bar on the ground that in those cases the marriage had been consummated by sexual intercourse, whereas in this case there had been no such consummation. In other words, the appellant presses on us the doctrine that one marrying while under the statutory age may annul the marriage for that reason, if there has been no sexual intercourse after marriage, but if, under the same circumstances, the marriage has been followed by sexual relations, there may be no annulment.

It may be conceded that it is not impossible to draw this distinction from the language used in the *Hollopeter* case, although the question was not there directly discussed or decided, but such cannot be done in the *Cushman* case. In that case the only mention made in the opinion of facts which would tend to distinguish it from this case is where, in the early portion of the opinion, the court says:

"The marriage was fully consummated, and as a result thereof the appellant became pregnant, but suf-

fered a miscarriage before the case came on for trial
below.''

We then proceeded to discuss in great detail the
various provisions of the statute, and, after so doing,
said:

''So in our statute, there is no prohibition against
the marriage of males under the age of twenty-one,
nor of females under the age of eighteen. . . .

''Neither is respondent's contention aided by § 7162,
as this section does not attempt to fix the age at which
either males or females are capable of consenting; and
since it does not, we must look to the common law to
find at what age such capacity is fixed.''

Finally, we said:

''But we cannot escape the conclusion that, since our
statute makes no attempt to fix the age at which infants
of either sex may marry within this state, reference
must still be had to the common law to determine what
that age is, and to find the age when, under § 7162,
'either party to a marriage shall be incapable of con-
senting thereto, for want of legal age;' and that, since
no statute declares the marriage of such a person to
be void or voidable, the marriage of males of fourteen
and females of over twelve is a valid contract that can
be annulled only upon the same grounds as would annul
the marriage of males over twenty-one and females
over eighteen.''

Under that decision, this marriage is valid because
the parties were within the common law marriageable
age, and, such being true, the question of subsequent
sexual intercourse could not possibly affect the ques-
tion and would be wholly immaterial. Neither the com-
mon law nor our statutes recognizes the distinction
sought to be made, and for us to make it would be
nothing less than legislation on our part.

But appellant earnestly contends that our statutes
plainly fix the age at which persons may lawfully

marry, and that the holding in the *Cushman* case is wrong and that it should be overruled. This we decline to do. That case was decided some eight or ten years ago. It has become the fixed law of the state on a question of great public moment. Since the handing down of that decision there have been several sessions of the state legislature. It has not seen fit to enact any new legislation which would seek to change the rule of the *Cushman* case. Its action or non-action would strongly indicate its approval of the construction which this court has put on its acts. Since the *Cushman* case is decisive of this one, the judgment here must be and is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and MAIN, JJ., concur.