[No. 22443. Department Two. July 15, 1930.]

LOWMAN & HANFORD COMPANY, *Appellant*, v. H. E. ERVIN *et al.*, *Defendants.*

P. M. HADLEY, *Respondent*, v. H. E. ERVIN, *Defendant.*[1]

[1]Reported in 290 Pac. 221.

650

*Murphy & Kumm* and *Orville C. Hatch, Jr.,* for appellant.

*Bausman, Oldham & Walkinshaw* and *Hart Snyder,* for respondent.

FRENCH, J.—Respondent, Hadley, in the superior court of King county, on the 8th day of November, 1929, obtained a judgment against the defendant Ervin. Appellant, Lowman & Hanford Company, on the 21st day of November, 1929, commenced an action in the superior court of King county against the defendant Ervin, and, on the same day, caused a writ of attachment to be issued and delivered to the sheriff, and, by virtue of said writ of attachment, the sheriff duly levied upon certain personal property in King county, pointed out by Lowman & Hanford, by taking possession thereof. Thereafter, on the 25th day of November, 1929, respondent caused to be issued an execution upon his judgment, the same was delivered to the sheriff of King county, and, on the 25th day of November, 1929, the sheriff levied upon the personal property in his possession held by virtue of the writ of attachment.

The property seized by the sheriff is not sufficient to satisfy both the judgment and the attachment, and the sole question presented is whether the levy under the writ of execution has precedence over the levy under the writ of attachment.

This appeal is taken from a judgment holding the lien of the execution levy prior to that of the attachment.

Section 667, Rem. Comp. Stat., reads as follows:

"If judgment be recovered by the plaintiff, the sheriff shall satisfy the same out of the property attached by him which has not been delivered to the defendant or claimant as in this chapter provided, or subjected to execution on another judgment recovered

previous to the issuing of the attachment, if it be sufficient for that purpose,—

"1. By applying on the execution issued on said judgment the proceeds of all sales of perishable or other property sold by him, or so much as shall be necessary to satisfy the judgment;

"2. If any balance remain due, he shall sell under the execution so much of the property, real or personal, as may be necessary to satisfy the balance, if enough for that purpose remain in his hands.

"Notice of the sale shall be given and the sale conducted as in other cases of sales on execution."

■ It is the contention of respondent that, by the express wording of the statute, the writ of attachment can not take precedence over the writ of execution issued by virtue of the prior judgment.

The above quoted portion of the statute was enacted in its present form in 1886. Ten years thereafter, in 1896, this court, in the case of *Wallace & Sons Manufacturing Co. v. Sharick,* 15 Wash. 643, 47 Pac. 20, had before it the identical situation which we have in this case. Respondent argues that there is a difference in the facts as revealed by the opinion in the *Wallace* case, *supra,* because it fails to appear that an actual levy had been made under the writ of execution. But in that case, as in this, the personal property had been seized by virtue of the writ of attachment, and taking actual possession of personal property is the utmost that the sheriff can do in executing a levy thereon, so that, in the *Wallace* case, *supra,* the situation was the same as in the instant case.

■ It is suggested that, in the *Wallace* case, *supra,* the court failed to give due consideration to the statute, and did not refer to the express terms of the statute. The *Wallace* case, however, decided practically thirty-four years ago, held that, under a situation such as we here have, the attachment lien was prior. By

652

acquiescing in the interpretation of the statute thus made for such a period of time, the legislature has indicated that it is satisfied with this interpretation.

"Since the handing down of that decision there have been several sessions of the state legislature. It has not seen fit to enact any new legislation which would seek to change the rule of the Cushman case [80 Wash. 615]. Its action or non-action would strongly indicate its approval of the construction which this court has put on its acts." *Tisdale v. Tisdale,* 121 Wash. 138, 209 Pac. 8.

See, also, *State ex rel. Davis v. Johns,* 139 Wash. 525, 248 Pac. 423.

Reversed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.

[1]Reported in 290 Pac. 224.